**Henry Salomon Albert BARENDS; Nurhayatui Burhanuddin; Nuri Cherisha Barends; Mawar Angraeni Barends, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70772.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Oct. 28, 2008.*

Filed Nov. 05, 2008.

Kaaren L. Barr, Seattle, WA, for Petitioners.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David M. McConnell, Ari Nazarov, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Henry Salomon Albert Barends, and his wife and two daughters, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

The IJ denied Barends' asylum application as time barred. Barends does not challenge this finding in his opening brief.

Substantial evidence supports the IJ's denial of withholding of removal because neither Barends nor his family experienced any problems in the past, and even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004) applies to Christian Indonesians seeking withholding of removal, Barends and his family failed to demonstrate that it was more likely than not that they will be persecuted if they return to Indonesia. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003).

The record does not compel the conclusion that the religious strife in Indonesia amounts to a pattern or practice of persecution against Christian Indonesians. *See*

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc).

Barends' CAT claim fails because he failed to demonstrate that it is more likely than not that he will be tortured if he returned to Indonesia. *See Saleh Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**